# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAMELA LEMASTERS,**

    **Petitioner,**

v.                                                     **Civil action no. 5:05CV38**
                                                        **Criminal action no. 5:03CR31**
                                                        **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## **REPORT AND RECOMMENDATION**

### **I. INTRODUCTION**

On March 24, 2005, the *pro se* petitioner, an inmate at FDC-Philadelphia, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on April 25, 2005, the Court ordered the respondent to answer the motion. On May 19, 2005, the respondent filed the United States' Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC §2255. On June 9, 2005, the petitioner filed a Motion for Continuance and Hearing with Respect to Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate and Correct Sentence. On June 20, 2005, the Court denied the petitioner's request for a hearing as well as for appointment of counsel, but stayed further action in this proceeding until August 17, 2005.

This matter, which is pending before me for initial review and report and recommendation pursuant to the March 24, 2005, Order of Referral issued by the Honorable Frederick P. Stamp, is ripe for review.

## II. FACTS

### A. Conviction and Sentence

On December 17, 2003, the petitioner signed a plea agreement in which she agreed to plead guilty to conspiracy to distribute Methamphetamine, in Violation of Title 21, United State Code, §§ 846 and 841(b)(1)B). In the plea agreement, the parities stipulated to total drug relevant conduct of less than 500 grams of methamphetamine. Additionally, the petitioner waived her right to appeal and to collaterally attack her sentence. Specifically, the petitioner's plea agreement contained the following language regarding her waiver:

> Ms. LeMasters is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute of conviction (or in the manner in which that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255.

On January 15, 2004, the petitioner entered her plea in open court. During the plea hearing, the Government presented the testimony of Robert L. Manchas, a Special agent with the DEA, to establish a factual basis for the plea. The petitioner did not contest the factual basis for the plea.

After the Government presented the factual basis for the plea, the petitioner advised the Court that she was guilty of Count 1 of the indictment. The petitioner further stated under oath that the plea was not the "result of any threats, coercion, or harassment of any kind" and that the plea was not the result of any promises other than those contained in the plea agreement (Plea hearing tr.

2

p.24). The petitioner also testified that her attorney had adequately represented her, that her attorney had left nothing undone, that neither she nor her attorney had found a way to defend against the charges set forth in the indictment, and that she was in fact guilty of the crime charged in count one of the indictment (Id. at 25-26).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of Count 1 were established beyond a reasonable doubt. The petitioner did not object to the Court's finding.

On March 29, 2004, the petitioner appeared before the Court for sentencing. The Court found that the total offense level was a 27, with a criminal history category of IV, and a sentencing range of 120-125 months. After noting that the statute requires a minimum ten-year sentence of incarceration for those with a prior drug felony conviction, and that the government had filed an information as required by the statute, the Court sentenced the petitioner to 120 months imprisonment.

**B. Appeal**

The petitioner did not file a direct appeal from her conviction and sentence.

**C. Federal Habeas Corpus**

**Petitioner's Contentions**

The petitioner asserts that her Sixth Amendment right to trial by jury was violated when she was sentenced beyond the statutory maximum applicable to her case in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and when she was sentenced based upon facts to which she had not admitted and which were not presented to the jury.

**Respondent's Contentions**

The respondent contends that the petitioner's motion should be dismissed because she waived her right to collaterally attack her sentence and, in the alternative, that her claims are without merit.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

In <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. <u>Id.</u> The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights and referenced "<u>United States v. Marin</u>, 961 F.2d 493 (4th Cir.1992) ('[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.'); <u>United States v. Attar</u>, 38 F.3d 727, 732 (4th Cir.1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)." <u>Id.</u> at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral

attack.[1] Nonetheless, the Fourth Circuit stated that it saw no reason to treat waivers of collateral attack rights differently than waivers of direct appeal rights. Id.

The petitioner has made no argument that her waiver of collateral attack was not knowingly and voluntarily made. Therefore, the undersigned must determine whether the petitioner's claims fall within the scope of the waiver.

In the instant case, the undersigned finds that all of the petitioner's claims are barred by the petitioner's waiver except for her Apprendi claim because the petitioner alleges that her sentence exceeded the statutory maximum. However, the petitioner's Apprendi claim was not raised on direct appeal and is thus, procedurally barred.

The failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the

---

[1] In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005).
  Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

court to entertain the collateral attack." United States v. Mikalajunas,186 F.3d 490, 492-493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Id. at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

Here, the petitioner has made no attempt to show cause, prejudice or actual innocence. Furthermore, the petitioner's Apprendi claim is without merit. 21 U.S.C. §841(b)(1)(B) provides that the statutory sentence is 10 years to life, where the person commits such a violation after a prior conviction for a felony drug conviction has become final. The indictment referenced this section and the United States filed an Information of Prior Convictions as required by 21 USC § 851. Inasmuch as the respondent was sentenced to 120 months, or ten years, she was sentenced to the statutory minimum, and hence her sentence does not exceed the statutory maximum. Thus, there is no Apprendi violation.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to Blakely v.

Washington, 542 U.S. 296 (2004)[2] such is waived. See, United States v. Blick, 408 F. 3d 162 (4th Cir. 2005). Even if it were not waived, Blakely, now Booker, does not apply retroactively to §2255 motions when the judgment became final before the date the Supreme Court issued Booker. See United States v. Morris, ___ F. 3d ___ 2005 WL 2950732 *6 (4th Cir. 2005) (Booker not retroactive because not a watershed rule). Because the petitioner's conviction became final prior to the issuance of the Booker decision, in accordance with the just mentioned decision, the undersigned finds that the petitioner is not entitled to have Booker applied retroactively to her sentence.

## V. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's §2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P Stamp, Jr., United States District

---

[2] Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."

Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

7

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.


Dated: December 7/2005

   /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE